HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSOP, INC., | CASE NO. C17-549 RAJ |
| Plaintiff, | |
| v. | ORDER |
| AMBIENT LIGHTING, INC., | |
| Defendant. | |

**I.   INTRODUCTION**

This matter comes before the Court on Defendant Ambient Lighting Inc.'s Motion to Dismiss or Transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  Dkt. # 21.  Plaintiff Allsop, Inc. opposes the Motion.  Dkt. # 26. For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

**II.   BACKGROUND**

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

On April 10, 2017, Plaintiff filed this action alleging that Defendant infringed U.S. Patent Nos. 8,657,461 and 8,192,044.  Dkt. # 1 ¶¶ 19, 20.  Plaintiff is a Washington

corporation located in Bellingham, Washington. Defendant is a Delaware corporation. Its business address is in Brooklyn, New York. Dkt. # 1 ¶¶ 1, 2. In the Complaint, Plaintiff alleged that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(b) because Defendant "resides in the Western District of Washington within the meaning of 28 U.S.C. § 1391(c)." Dkt. # 1 ¶ 5. On May 11, 2017, Defendant filed its Answer and Counterclaims to the Complaint. Dkt. # 10. In its Answer, Defendant stated that it "[did] not challenge venue in the Western District of Washington . . . [Defendant] submits that this district is not a convenient forum for [Defendant]." Dkt. # 10 ¶ 5.

Defendant then filed this Motion, arguing that venue is no longer proper following the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017), and moved that the Court dismiss this action or in the alternative transfer it to the Eastern District of New York. Dkt. # 21.

### III.  LEGAL STANDARD

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A defendant objecting to venue may file a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Pursuant to Federal Rule of Civil Procedure 12(h)(1), a venue defense under Rule 12(b)(3) is waived if the defendant fails to include it in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B).

### IV.  DISCUSSION

As a preliminary matter, Plaintiff argues that Defendant failed to comply with the meet-and-confer requirements of this Court's Standing Order. Plaintiff admits that the parties exchanged emails related to the motion, but did not conduct an in-person meeting, and that Defendant failed to include the required certification. This Court's Standing Order states that counsel contemplating the filing of a motion "shall first contact

opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*." The Court has this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties. The Standing Order does not require that the meet and confer occur in person, only that it is preferable. While the Court construes the meet and confer requirement strictly, denying a motion to dismiss because of a failure to discuss these objections in person when both parties admit that the motion was discussed over email is not in keeping with the purpose of this type of requirement.

### a. Waiver

Both parties refer to the Supreme Court's recent holding in *TC Heartland* in their arguments. The holding states that "as applied to domestic corporations, 'reside[nce]' in [28 U.S.C.] § 1400(b) refers only to the State of incorporation." *TC Heartland LLC*, 137 S. Ct. at 1517. Because this decision set out a new interpretation of section 1400(b), it created widespread disagreement over whether omission of this particular venue defense constituted a waiver of the defense of improper venue. In *In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017), the Federal Circuit endeavored to provide clarity regarding this issue. Finding that the holding in *TC Heartland* changed the controlling law, the Court concluded that the venue defense raised was not previously "available", thus making the waiver rule of Rule 12(g)(2) and (h)(1)(A) inapplicable. *In re Micron Tec., Inc.*, 875 F.3d at 1094. Where, as here, Rule 12(g)(2) and (h)(1)(A) do not apply, "a less bright-line, more discretionary framework" should be used for venue objections. *Id.*

Plaintiff argues that Defendant waived its defense of improper venue by failing to assert the objection as part of its responsive pleading. *See* Fed. R. Civ. P. 12(h)(1). However, existing precedent from the Federal Circuit would have made a challenge to the validity of venue futile. The Court agrees that, "[w]hen a defense or objection is futile in the sense that the law bars the district court from adopting it to dismiss, to require the assertion of the defense or objection . . .would generally be to require the waste of

ORDER- 3

resources, contrary to Rule 1." *In re Micron Tech., Inc.*, 875 F.3d at 1097.  The Supreme Court recently held that the Federal Rules of Civil Procedure "are not all encompassing" and that there are "standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891, 195 L. Ed. 2d 161 (2016).  Here, where Defendant moved to dismiss within a short amount of time, Plaintiff makes no argument that Defendant unreasonably delayed the filing of its Motion until it became "convenient or advantageous for it to reap the benefits of the Supreme Court ruling," and the case is at the beginning stages of litigation, the Court finds that it is appropriate under the Rule 1 to find that Defendant has not waived its right to challenge venue in this forum.  *See AUTOMATED PACKAGING SYSTEMS, INC., PLAINTIFF, v. FREE-FLOW PACKAGING INTERNATIONAL, INC., DEFENDANT.*, No. 5:14-CV-2022, 2018 WL 400326, at *4 (N.D. Ohio Jan. 12, 2018).

      **b. Venue**

Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Defendant is a Delaware corporation located in Brooklyn, New York.  Therefore, pursuant to the holding in *TC Heartland*, Defendant "resides" in Delaware for the purposes of section 1400(b).  The Court must now consider whether Defendant committed acts of infringement in the Western District of Washington and has a regular and established place of business here.  There are three requirements for satisfying the second prong of § 1400(b): "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017).  While Plaintiff alleges that Defendant operates an internet website that offers its products for sale in this district,

it does not allege that Defendant has a physical place in this district, or that it has a regular and established place of business here. Dkt. # 1 ¶ 4. Plaintiff's principle place of business is in Brooklyn, New York, therefore venue is improper in the Western District of Washington under section 1400(b). *Id.* ¶ 2; Dkt. # 21 at 7.

Plaintiff concedes that in the event that the Court concludes that Defendant has not waived its defense of improper venue and that venue is actually improper in this district, this case should be transferred to the Eastern District of New York.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **directs the Clerk of Court to TRANSFER this case to the Eastern District of New York**. Dkt. # 21.

Dated this 12th day of February, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 5